CLIFFORD SEGAL, RESPONDENT, v. M. H. HARRIS, INC., A CORPORATION, APPELLANT.

Argued October 18, 1939—Decided January 25, 1940.

For the appellant, *Kristeller & Zucker* (*Saul J. Zucker*, of counsel).

For the respondent, *Stein & Stern* (*Milton B. Conford*, of counsel).

The opinion of the court was delivered by

PARKER, J. The suit was brought, and judgment rendered therein, for the sum of $1,300, the amount deposited by plaintiff respondent with the appellant corporation (herein called Harris) as security for rent of premises in Newark demised under written lease by Harris to Segal. Judgment was entered for that amount with certain interest. The term of the lease was from March 1st, 1931, to August 31st, 1939, with option of renewal, which was exercised. During the depression Harris consented to a number of reductions in the monthly rent. The relation of landlord and tenant between the parties continued, subject to surrender of part of the premises, until October 31st, 1935. Segal then demanded back his deposit; Harris refused to pay, claiming arrears of rent greater than the deposit; and the present suit was instituted. Harris counter-claimed and the case was submitted to the jury, who found for Segal on his claim and against Harris on the counter-claim. There were motions to nonsuit and to direct a verdict, but no error is assigned on the disposition of them, as there was a rule to show cause based on weight of evidence, which covered the motions and was argued, so that they are not before us on this appeal. *Overend* v. *Kiernan*, 105 *N. J. L.* 112, and cases cited. The grounds of appeal before us relate exclusively to rulings on evidence. The substantial appeal is with regard to disallowance of the counter-claim.

Some further statement of facts is requisite in order to deal with the points made. The Harris corporation was a tenant of the Prudential Insurance Company as to premises in Newark of which the premises rented by Harris to Segal, consisting of a small store and a basement, were a part. About 1934 the Prudential asked Harris for a surrender of the basement and Harris transmitted the request to Segal. This led to negotiations, and those negotiations, according to Segal's claim, resulted in an oral contract for surrender by Segal of the basement, on terms that Segal should also waive any claim to that date for interest on the $1,300 deposit, which interest by the original lease Harris had agreed to pay; and in consideration of the surrender and of Segal's waiver, Harris waived his claim for shortage in rent during the depression, the rent stipulated in the lease having been reduced from time to time by Harris at Segal's request, but without any concurrent legal consideration; and reduced the rent to accrue in the future. In short, according to Segal, Harris waived the shortage in the rent stipulated in the original lease, and agreed to accept a reduced rent; and the consideration for that waiver and reduction was Segal's surrender of the basement, plus his counter-waiver of interest on the deposit. This situation was presented to the jury by the trial judge in his charge, and the verdict shows that they accepted Segal's claim as to the facts, for they found no cause of action on the counter-claim of Harris for shortage in rent, and awarded Segal his deposit with interest from the date when his tenancy ceased.

The substantial claim of the appellant Harris is that the court erred in submitting to the jury the question whether such an oral agreement had been made, because (as claimed) any such agreement (made, if at all, in March, 1934) was superseded by a written agreement in evidence, dated April 24th, 1934, about a month after Segal had surrendered the basement, and which makes no mention of the surrender, but deals with rent reductions for previous months, and provides that in "part" consideration of the reductions Segal waives interest on the deposit up to May 1st, 1934. The argument, as we understand it, is that this paper covered the whole

ground of any previous oral agreement and that evidence of such previous agreement should have been excluded. But we think the point not well taken. The oral agreement looked forward to the proposed surrender of the basement, which was perhaps the principal consideration for it, and that consideration had actually been delivered by vacating the basement weeks before the paper of April 24th. That paper, it is true, reaffirmed the provisions of the original lease except as modified thereby; but it necessarily dealt with a store alone and not a store and basement. It was followed by a series of written receipts of rent at the reduced rate, following a set form which recites that the lease "and supplemental agreements" remain in force, until October 31st, 1935, when Harris surrendered the underlying tenancy to the landlord, and all relation of landlord and tenant as between Harris and Segal came to an end.

Our examination of the case and briefs, and consideration of the argument, lead to the conclusion that there was no error in admitting the evidence setting up the oral agreement, or in admitting the various documentary exhibits, all of which are relevant as showing the relations of the parties over the period material to the case. The counter-claim was for the difference between rent stipulated in the written lease and the amount received, on the theory that there was no lawful consideration for the reduction. As we have said, the partial surrender was a sufficient consideration, and was found by the jury as a fact. The primary right to a return of the deposit is not seriously questioned, nor is the award of interest thereon challenged.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 16.

*For reversal*—None.